IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DERRICK L. JOHNSON, | § | |
| | § | No. 628, 2014 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | Court Below–Superior Court |
| | § | of the State of Delaware in and |
| v. | § | for New Castle County |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 83004982DI |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: February 3, 2015
Decided: April 21, 2015

Before **STRINE**, Chief Justice, **VALIHURA** and **VAUGHN**, Justices.

## O R D E R

This 21st day of April 2015, upon consideration of the appellant's opening brief and the appellee's motion to affirm, it appears to the Court that:

(1)   The appellant, Derrick L. Johnson ("Johnson"), filed this appeal from a Superior Court order denying his "motion for relief" from a prior order that denied his letter requests for a modification of sentence. The appellee, State of Delaware ("State"), has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of the opening brief that the appeal is without merit.[1]   We agree and affirm.

---

[1] Del. Supr. Ct. R. 25(a).

(2)     The record reflects that, Johnson was indicted in July 1983 for Murder in the First Degree and other offenses arising from the April 30, 1983 stabbing death of a fellow inmate, Kevin Harris, when Johnson was nineteen years old. In June 1984, Johnson pled guilty to Murder in the Second Degree and was sentenced to life in prison with parole.

(3)     Between February and May 2014, Johnson filed a series of letters requesting that the Superior Court modify or reduce his sentence. By order dated June 24, 2014, the Superior Court denied the request on the basis that Johnson had not demonstrated "extraordinary circumstances" sufficient to overcome the time bar of Superior Court Criminal Rule 35(b) ("Rule 35(b)").[2]

(4)     Johnson did not appeal the Superior Court's June 24, 2014 order. Instead, in identical motions filed on July 14 and July 24, 2014, Johnson moved for "relief" from the June 24, 2014 order under Superior Court Civil Rule 60(b) (hereinafter "Rule 60(b) motions"), arguing that his "youthfulness and other mitigating circumstances" warranted the Superior Court's review of his sentence "in the interest of justice." By order dated October 21, 2014, the Superior Court deemed Johnson's Rule 60(b) motions as a motion for modification of sentence under Rule 35(b) and denied relief. This appeal followed.

---

[2] Del. Super. Ct. Crim. R. 35(b) (providing that the court will consider a motion for reduction of sentence made more than ninety days after sentencing only in extraordinary circumstances or under 11 *Del. C.* § 4217).

2

(5)     On appeal, Johnson argues that the Superior Court abused its discretion when it denied his Rule 60(b) motions without "conducting a plenary review of the record" under a trilogy of United States Supreme Court decisions that together bar capital punishment and life sentences without parole for juvenile offenders.[3]  Johnson, however, was not under the age of eighteen when he stabbed Kevin Harris, and he was not sentenced to life in prison without parole.  Under these circumstances, we find no abuse of discretion in the Superior Court's summary denial of Johnson's Rule 60(b) motions as time barred without exception and repetitive under Rule 35(b).[4]

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED.  The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_____

Justice

---

[3] *See Roper v. Simmons* 543 U.S. 551, 575 (2005) (holding that death penalty cannot be imposed upon juvenile offenders); *Graham v. Florida*, 560 U.S. 48, 74-75 (2010) (holding that life in prison without parole cannot be imposed upon juvenile offenders who did not commit homicides); *Miller v. Alabama*, ___ U.S. ___, 132 S.Ct. 2455, 2460 (2012) (holding that mandatory sentencing schemes imposing life in prison without parole on juvenile homicide offenders violates the Eighth Amendment).

[4] *See DeJesus v. State*, 2014 WL 2609528 (Del. June 10, 2014) (affirming denial of Rule 35(b) motion as untimely and repetitive); *Railford v. State*, 2014 WL 44031 (Del. Jan. 2, 2014) (affirming denial of Rule 35(b) motion when the appellant did not demonstrate that the prison was not providing adequate medical care, and the prison had not made the required certification under 11 *Del. C.* § 4217). *See also Jackson v. State*, 2007 WL 2231072 (Del. Aug. 2, 2007) (affirming summary denial of Rule 35(b) motion on the basis that relief under civil Rule 60(b) was not applicable in a criminal proceeding).

3